IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **William Allen Garrett,**<br><br>Petitioner,<br><br>**v.**<br><br>**Dr. Jeffrey Beard, Secretary,**<br><br>Respondent. | Case No. 14cv1572 BEN (PCL)<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**(Doc. 17)** |

**MOTION FOR APPOINTMENT OF COUNSEL**

Petitioner requests the Court appoint counsel to assist him in his habeas case because the issues in his case are particularly complex. He argues that he has mental health issues and severe disabilities. (Doc. 17.)

The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. See McCleskey v. Zant, 499 U.S. 467, 495 (1991 (citing Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) ("The right to appointed counsel extends to the first appeal of right, and no further"); Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996) (noting that there currently exists no constitutional right to appointment of counsel in habeas proceedings); Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986). However, courts may appoint counsel for financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 where "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B); Chaney, 801 F.2d at 1196. Whether or not to appoint counsel is a matter left to the court's discretion, unless an evidentiary hearing is

necessary. See Knaubert v. Goldsmith, 791 F.2d 722, 728-30 (9th Cir. 1986) (explaining that the interests of justice require appointment of counsel when the court conducts an evidentiary hearing on the petition). "In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

Petitioner has been able to articulate his habeas claims to this Court. He has not demonstrated that he is unable to communicate with this court due to his mental issues or disabilities. He also has not shown that he is entitled to an evidentiary hearing. Thus, Petitioner's motion for appointment of counsel is hereby DENIED.

Petitioner is reminded that he should submit his Traverse by October 27, 2014.

IT IS SO ORDERED.

DATE: September 30, 2014

Peter C. Lewis
U.S. Magistrate Judge
United States District Court

cc: The Honorable Benitez
All Parties and Counsel of Record