# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| WILLIAM ALLEN GARRETT, | CASE NO. 14CV1572 BEN (PCL) |
|---|---|
| Petitioner, | **ORDER:** |
| vs. | **(1) ADOPTING REPORT AND RECOMMENDATION;** |
| | **(2) OVERRULING OBJECTIONS;** |
| | **(3) DENYING MOTION FOR AN EVIDENTIARY HEARING;** |
| | **(4) DENYING PETITION FOR WRIT OF HABEAS CORPUS;** |
| | **(5) DENYING CERTIFICATE OF APPEALABILITY;** |
| JEFFREY BEARD, | **(6) DENYING REQUEST FOR EXPEDITED RULING; AND** |
| Respondent. | **(7) DENYING MOTIONS FOR RELIEF FROM JUDGMENT AS MOOT** |
| | **(8) DENYING PETITION FOR WRIT OF MANDATE** |
| | [Docket Nos. 9, 27, 31, 38, 42, 44] |

1    Petitioner William Allen Garrett, a state prisoner proceeding *pro se*, filed a
2 Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1). On
3 July 24, 2014, Petitioner filed an ex parte request for an evidentiary hearing. (Docket
4 No. 9.) Respondent filed a Response to the Petition on September 26, 2014, and
5 Petitioner filed a Traverse on October 16, 2014. (Docket Nos. 19, 25). On December
6 29, 2014, Magistrate Judge Peter C. Lewis issued a thoughtful and thorough Report and
7 Recommendation ("R&R") recommending that the request for an evidentiary hearing
8 and Petition be denied. (Docket No. 27). Between January 8, 2015 and January 16,
9 2015, Petitioner filed Objections to the R&R, an application for a certificate of
10 appealability, and a request for expedited ruling. (Docket Nos. 28, 29, 31.)

11    On January 21, 2015, Petitioner filed a notice of appeal with the Ninth Circuit.
12 (Docket No. 32.) Since that time, Petitioner has also filed copies of two documents he
13 appears to have submitted to the state court of appeals and state superior court.
14 (Docket Nos. 33, 36.) Most recently, Petitioner filed two motions for relief from
15 judgment and a petition for writ of mandate. (Docket No. 38, 42, 44.) On March 9,
16 2015, this Court denied Petitioner's request for a certificate of appealability. (Docket
17 No. 40.) On April 14, 2015, the Ninth Circuit dismissed Petitioner's appeal for lack
18 of jurisdiction. (Docket No. 45.)

19    This Court has carefully considered the R&R and Petitioner's Objections. For
20 the reasons stated below, this Court **OVERRULES** the Objections and **ADOPTS** the
21 Report and Recommendation.

22                              **LEGAL STANDARD**

23    A district judge "may accept, reject, or modify the recommended disposition" of
24 a magistrate judge on a dispositive matter. Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C.
25 § 636(b)(1). "The district judge must determine de novo any part of the [report and
26 recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3).
27 However, "[t]he statute makes it clear that the district judge must review the magistrate
28 judge's findings and recommendations de novo *if objection is made*, but not

otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original); *see also Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005). "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *Reyna-Tapia*, 328 F.3d at 1121. The Court will not restate the R&R and its conclusions as to every claim. Although the Court has conducted a de novo review and fully adopts the R&R, the Court will only specifically address those issues to which Petitioner has objected.

The following standard of review applies:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A federal court may not issue a writ of habeas corpus "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Williams v. Taylor*, 529 U.S. 362, 411 (2000)). The state court's application must be "objectively unreasonable." *Id.* (quoting *Williams*, 529 U.S. at 409). The standard is thus "highly deferential" and "demands that state-court decisions be given the benefit of the doubt." *Id.* (citations omitted).

**I.     Petitioner's Objections**

   **A.     Claims One and Two**

As to Claims One and Two, it appears that Petitioner objects that he was interrogated when he was recovering from life threatening injuries, under the influence of pain medication, and with a history of mental illness.

Claim One asserts that statements made to the deputy who was guarding Petitioner when he was in the hospital should have been excluded because they were made in a custodial setting after appointment of counsel and outside the presence of counsel and that Petitioner was impaired by medication, his injuries, and his mental health issues. The state appellate court concluded that the single question posed to Petitioner by a guard, "what happened?" did not constitute interrogation, but was instead casual conversation not giving rise to *Miranda* requirements. This conclusion is not contrary to or an unreasonable application of clearly established Federal law. As the state appellate court explained, it was a single question by a guard, not acting as an investigator, who asked no follow up questions after Petitioner responded. Additionally, as the R&R's explains, the record does not support a finding that the medication Petitioner was presumably on or his history of mental illness contributed to his ability to understand the single question posed by a non-investigator.

Claim Two asserts that Petitioner's waiver of his *Miranda* rights, prior to making a statement to Detective Burkett, was involuntary. After considering the transcript of the recorded interview with Petitioner, the state appellate court found Petitioner was rational, that verbal exchanges between Detective Burkett and Petitioner were understandable and logical, and that Petitioner presented his claims to the officers coherently, including his claim that he did not want to hurt anyone and he was shot in the side which meant he was running away from the officers. The state appellate court's conclusion that Petitioner's waiver was knowing, voluntary, and intelligent is not contrary to or an unreasonable application of clearly established Federal law.

As to both claims, the state appellate court's concludes that to the extent there was any error in the admission of Petitioner's statements to the guard or Detective Burkett, it was harmless. Statements similar to those made to the guard and Detective Burkett were also made to a member of the Psychiatric Liaison Team and admitted at trial. The state appellate court's conclusion is also not an unreasonable application of clearly established Federal law.

The Court **OVERRULES** Petitioner's Objections to the R&R as to Claims One and Two.

### B.     Claim Four

The state appellate court and R&R conclude that the jury was presented with sufficient evidence to support its verdict that Petitioner used a knife during the burglary. Although Petitioner asserts a number of objections there are three primary points raised as to this claim. First, Petitioner argues that the jury's acquittal of Petitioner on assault charges conflicts with the knife-use finding because the acquittal means the jury rejected the officers' testimony, rejected Petitioner's tape recorded statement, and found Petitioner was running away from the officers. Second, Petitioner claims that escape was not proven. Third, Petitioner asserts that the officers did not testify that the weapon was used to intimidate, threaten, aide escape, or was displayed in a menacing way.

Claims asserting insufficiency of the evidence "are subject to two layers of judicial deference." *Coleman v. Johnson*, 132 S. Ct. 2060, 2062 (2012). First, "on direct appeal . . . [a] reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Id.* Second, because the claim arises on federal habeas review, a federal court may only overturn the state court "if the state court decision was objectively unreasonable." *Id.*

The state appellate court's conclusion that Petitioner's acquittal for assault is not inconsistent with the jury's knife-use finding was not objectively unreasonable. As the state appellate court explained, the jury could have found he used the knife in completing or effectuating his escape from officers without intending to assault the officers. Nor does the jury's verdict on assault mean the jury rejected the officers' testimony, rejected Petitioner's taped statement, and found Petitioner was running away from the officers. As the state appellate court noted, the jury could have accepted or rejected all or portions of this evidence. Both officers testified that Petitioner was running at them. One of the officers testified that he saw a knife in Petitioner's hand.

Both officers testified that Petitioner had a knife in or near his hand after he was shot. Petitioner made statements suggesting he wanted the officers to shoot him and that he thought that would be more likely if he had a knife, but he did not want to hurt anyone. Petitioner argued at trial that the forensic evidence indicated that he dropped the knife and was running away from the officers, not moving toward them. As the state appellate court accurately noted, the jury could have reasonably concluded that he displayed the knife in a menacing manner to facilitate his flight from the scene of the burglary, either through the officers (running at them) or out another exit (running away from them). Additionally, the state appellate court explained that a verdict on one count, here the assault counts, has no bearing on others, here the knife-use finding, when evaluating a claim for sufficiency of the evidence. Clearly established Federal law is not to the contrary. *See United States v. Powell*, 469 U.S. 57, 67 (1984) (finding sufficiency of the evidence "review should be independent of the jury's determination that evidence on another count was insufficient").

As to Petitioner's claim that escape was not proven, the state appellate court found the evidence presented to the jury was sufficient to support a finding that Petitioner used the knife in a menacing way to facilitate his escape. For the same reasons noted above with regard to the evidence presented at trial, the Court cannot find this conclusion objectively unreasonable or that no rational trier of fact could have agreed with the jury.

Petitioner's final objection is that the officers did not testify that the weapon was used to intimidate, threaten, aide escape, or displayed in a menacing way. The officers did not need to testify to these legal conclusions. Rather, "it is the responsibility of the jury—not the court—to decide what conclusions should be drawn from the evidence admitted at trial." *Cavazos v. Smith*, 132 S. Ct. 2, 4 (2011). This Court cannot "set-aside the jury's verdict on the ground of insufficient evidence" unless "no rational trier of fact could have agreed with the jury." *Id.* That is not the case here.

///

## II. Evidentiary Hearing

The Court agrees that Petitioner is not entitled to an evidentiary hearing. *Campbell v. Wood*, 18 F.3d 662, 679 (9th Cir. 1994) (finding an evidentiary hearing is not "required on issues that can be resolved by reference to the state court record"); *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (finding "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits").

## III. Certificate of Appealability

The Court **DENIES** a certificate of appealability because the issues are not debatable among jurists of reason and there are no questions adequate to deserve encouragement. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

## IV. Other Filings

Petitioner's petition for writ of mandate restates the arguments he already put forward in his previous filings. The only variation is inclusion of a request that the either the superior court of the Magistrate Judge be disqualified based on error. This request lacks any merit and is **DENIED**. Petitioner's request for an expedited ruling is **DENIED** as moot. Petitioner's two requests for relief from judgment are **DENIED** as moot because the Court is only now entering judgment.

## CONCLUSION

Petitioner's Objections are **OVERRULED**, the R&R is **ADOPTED**, and the Petition is **DENIED**. The request for an evidentiary hearing is **DENIED**. The request for expedited ruling, two requests for relief from judgment, and petition for writ of mandate are **DENIED**. The Clerk of Court shall enter judgment denying the Petition.

**IT IS SO ORDERED.**

DATED: April 14, 2015

Hon. Roger T. Benitez
United States District Judge