UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ALLEN GARRETT,<br><br>                      Plaintiff,<br><br>v.<br><br>JEFFREY BEARD,<br><br>                      Defendant. | Case No.: 14CV1572 BEN (PCL)<br><br>**ORDER:**<br>**(1) DENYING CERTIFICATE OF APPEALABILITY;**<br><br>**(2) DENYING MOTION TO VACATE JUDGMENT**<br><br>[Docket No. 51, 54] |

On April 15, 2015, the Court denied Petitioner William Allen Garrett's Petition for Writ of Habeas Corpus and denied a certificate of appealability. (Docket No. 46.) On May 18, 2015, Petitioner filed a Notice of Appeal with the United States Court of Appeals for the Ninth Circuit and an Application for Certificate of Appealability.[1] (Docket Nos. 50-51.) On November 12, 2015, Petitioner filed a Motion to Vacate Judgment. (Docket No. 54.)

///

---

[1] The Court notes that the request for a certificate of appealability specifically identified this Court, as opposed to the Ninth Circuit and it appears that Petitioner also filed a request for a certificate of appealability with the Ninth Circuit.

1

## I. Certificate of Appealability

Petitioner's request for a certificate of appealability is **DENIED.** Assuming the Court could revisit the issue, Petitioner has not presented the Court with any arguments that would justify reconsidering the Court's April 14, 2015 denial of a certificate of appealability.

## II. Motion to Vacate Judgment

"As a general rule, the filing of a notice of appeal divests a district court of jurisdiction over those aspects of the case involved in the appeal." *Stein v. Wood*, 127 F.3d 1187, 1189 (9th Cir. 1997) (citations omitted). A district court lacks jurisdiction to entertain a Rule 60(b) motion filed after a notice of appeal. *Katzir Floor & Home Design, Inc. v. M–MLS.com*, 394 F.3d 1143, 1148 (9th Cir. 2004). This Court lacks jurisdiction to consider the Motion.

"To seek Rule 60(b) relief during the pendency of an appeal, the proper procedure is to ask the district court whether it wishes to entertain the motion, or to grant it, and then move [the Court of Appeal], if appropriate, for remand of the case." *Williams v. Woodford*, 384 F.3d 567, 586 (9th Cir. 2004) (citations and internal quotation marks omitted). Petitioner did not observe this procedure. However, to the extent his Motion is an attempt to ask the Court whether it wants to entertain or grant the Motion, the Court does not. Petitioner's Motion just reiterates prior arguments the Court has already considered.

When the Court is faced with a motion it "lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1. As noted above, the Court would not grant the Motion if remanded and the Motion does not raise a substantial issue. Additionally, there is no reason for the Court to defer consideration of the Motion. The Motion to Vacate Judgment is **DENIED**.

**CONCLUSION**

Petitioner's request for a certificate of appealability is **DENIED** and his Motion to Vacate the Judgment is **DENIED**.

**IT IS SO ORDERED.**

Dated: November 19, 2015

Hon. Roger T. Benitez
United States District Judge